■ RACHAEL EICHELBAUM, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [626 NYS2d 551] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated May 9, 1994, as, in effect, denied their motion to dismiss the complaint and directed the plaintiff to appear for a physical examination pursuant to General Municipal Law § 50-h and Public Housing Law § 157 (2).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendants' motion to dismiss the complaint *(see generally, Alouette Fashions v Consolidated Edison Co.,* 119 AD2d 481, 484-485, *affd* 69 NY2d 787). General Municipal Law § 50-h (2) provides, "No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of filing of the notice of claim." The defendants first served a proper demand for a physical examination of the plaintiff pursuant to General Municipal Law § 50-h (1) and (2) and Public Housing Law § 157 (2) on January 28, 1993, which is more than 90 days from the date of the filing of the notice of claim *(see,* General Municipal Law § 50-h [2]). Accordingly, the plaintiff was not precluded by General Municipal Law § 50-h (5) from commencing this action before appearing for the physical examination. Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.